[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFFS' MOTION TO STRIKE SPECIAL DEFENSES
This lawsuit seeks declaratory and injunctive relief pursuant to the Connecticut Environmental Protection Act of 1971 (the Act), General Statutes §§ 22a-14 through 22a-20, to prevent the development of a subdivision in the Town of Glastonbury. The plaintiffs, the Animal Rights Front, Inc., Melody Hyllen-Davey and Animal Welfare and Rights Entity, Inc., claim to have brought this action in order to protect the timber rattlesnake, an endangered species, and the whippoorwill, a species of special concern, which the plaintiffs allege to be "natural resources of the state," entitled to protection from "unreasonable pollution, impairment or destruction" as provided in § 22a-16 of the Act.
As set forth in the complaint, on March 26, 1998, the defendant, Rejean Jacques d/b/a Rejean Realty, Inc. (Rejean) applied for a special permit from the defendant, Plan and Zoning Commission of the Town of Glastonbury (Commission), for the subdivision and construction of a parcel of land in Glastonbury. (Complaint, ¶¶ 6-7.) On and prior to the date of this action, the defendant, Zella D. Ferrando, was the owner of the land. (Complaint, ¶ 4.) In April of 1998, the Commission approved Rejean's application. (Complaint, ¶ 8.)
On May 8, 1998, the plaintiffs filed both an administrative appeal, challenging the commission's approval of Rejean's application pursuant to General Statutes § 22a-19,[1] and this lawsuit, a separate action seeking declaratory and injunctive relief pursuant to General Statutes § 22a-16.[2] The court,McWeeny, J., dismissed the plaintiffs' administrative appeal on July 10, 1998, for lack of standing under General Statutes §22a-19. The plaintiffs have appealed that decision, which appeal is currently pending.
In pertinent part, the complaint alleges that "the Property is an important part of one of the last remaining habitats in eastern Connecticut for the timber rattlesnake, which has been designated an endangered species . . . under General Statutes §26-306; (complaint, ¶ 5); and further assert that the construction of the property will destroy the whippoorwill population and other wildlife in the area. (Complaint, ¶ 10.) The plaintiffs therefore claim that the approval of Rejean's permit violates § 22a-16 of the Act. (Complaint, ¶¶ 11-13.)
The procedural history of the case reveals that on August 17, 1998, the defendants moved to dismiss the complaint herein, brought pursuant to § 22a-16, arguing that the "court lacks CT Page 12188 jurisdiction over the subject matter because the plaintiffs failed to exhaust their administrative remedies, and they cannot now, instead of appealing the commission's decision, bring a lawsuit raising the same issues which could have been raised in an appeal pursuant to General Statutes § 8-8 and § 22a-19." (Defendants' Memorandum in Support of Motion to Dismiss, August 17, 1998. pp. 1-2.) On October 26, 1998, the court, Rittenband,J., ruled that General Statutes §§ 22a-19 and 22a-16 provided independent means by which a citizen may protect the environment and that, therefore, the plaintiffs were not required to exhaust their administrative remedies pursuant to § 22a-19, but were entitled to maintain an action against the defendants pursuant to § 22a-16, irrespective of § 22a-19.[3] Thus, the court denied the defendants' motion to dismiss.
Subsequently, on November 12, 1998, the defendants moved to strike the plaintiffs' complaint on the ground that the timber rattlesnake and whippoorwill, whom the plaintiffs sought to protect, were not "natural resources" under the Act. By decision dated March 5, 1999, the court, Wagner, J., determined that timber rattlesnakes and whippoorwill are wildlife, which has been recognized as a natural resource entitled to protection under the Act.
In concluding that the timber rattlesnake and whippoorwill are entitled to protection, the court noted that the Connecticut Supreme Court has already determined that "species which are `endangered' and `of special concern,' are `wildlife,' which has been recognized as a natural resource in Paige v. Town Plan Zoning Commission, 235 Conn. 448, 454, 668 A.2d 340 (1995)." Thus, the court denied the defendants' motion to strike. SeeAnimal Rights Front, Inc. v. Plan and Zoning Commission, Superior Court, judicial district of Hartford, Docket No. 579968 (March 5, 1999, Wagner, J.).[4]
On March 23, 1999, the defendants Plan and Zoning Commission and the Town of Glastonbury filed an answer and two special defenses to plaintiffs complaint. On March 24, 1999, the defendants, Zella D. Ferrando and Rejean Jacques, filed an answer and three special defenses.
The first special defense filed by the Commission and the Town is identical to the second special defense filed by Ferrando and Rejean. This special defense asserts: "Endangered species, threatened species and species of special concern are not CT Page 12189 "natural resources' within the meaning of the Connecticut Environmental Protection Act, General Statutes §§ 22a-14 et seq., and the plaintiffs have no right to invoke the Act to prevent the development of the defendant Zella D. Ferrando's property."
The second special defense filed by the Commission and the Town is identical to the third special defense filed by Ferrando and Rejean. This special defense asserts: "The court lacks jurisdiction over the subject matter of the complaint because the plaintiffs have failed to exhaust their administrative remedies."
The plaintiffs move to strike the foregoing special defenses on the ground that the issues they raise were the very issues which were the subject of the previous rulings by Judges Rittenband and Wagner on the defendants' motion to dismiss and motion to strike, respectively. The plaintiffs maintain that these rulings are the law of the case and that, on this ground alone, the court should strike these special defenses.
 I.
A motion to strike tests the legal sufficiency of any answer to any complaint, counterclaim or cross claim, or any part of that answer including any special defense contained therein . . . Practice Book § 10-3 9; Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995). "In . . . ruling on the, motion to strike, the trial court [must] take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). The motion to strike "admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,588, 693 A.2d 293 (1997).
 II.
Under the principle of the law of the case, "[n]ew pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not favored." Suffield Bank v. Berman, 228 Conn. 766, 774,639 A.2d 1033 (1994). A judge "may treat that decision as the law of the case, if it is of the opinion that the issue was correctly CT Page 12190 decided, in the absence of some new or overriding circumstance." (Emphasis added.) Id., 775. "The law of the case . . . expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." Id., 774-75. "A judge should hesitate to change his [or her] own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 86, 99-100,439 A.2d 1066 (1982).
The court is of the opinion that the rulings rendered by Judges Rittenband and Wagner were correctly decided and is reluctant to allow the defendants to raise these same issues again, this time, by way of special defenses. Moreover, the defendants have not asserted any "new or overriding circumstance" as to why these rulings may have been incorrectly decided, but have merely recited the identical arguments already ruled upon.
Accordingly, the plaintiffs motion to strike the defendants' special defenses is granted.